W. KNOX HAYNES and MICHAEL FEINBERG, for plaintiffs in error.

BAKER & HOLDER, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 279*—*when misrepresentation as to quality of goods not a defense.* Where the purchaser of goods inspected the goods and thereafter agreed to purchase them, he cannot set up a failure of quality as a defense to an action for the purchase price.

2. SALES, § 199*—*when delay in delivery not a defense.* Where the evidence shows that the seller of goods was under no obligation as to delivery beyond loading the goods at the place, delay in hauling the goods to the purchaser after they were loaded is not a defense to an action for the purchase price.

3. TRIAL, § 68*—*what insufficient offer of proof.* The engaging by counsel in a discussion with the court without placing any witnesses on the stand or questioning any does not constitute an offer of evidence.

4. TRIAL, § 68*—*what not a refusal to admit evidence.* Remarks of the court in a discussion with counsel do not constitute a refusal to admit evidence where no witnesses are questioned and none placed on the stand.

5. APPEAL AND ERROR, § 1420*—*when error without prejudice.* On appeal, in an action to recover the purchase price of cars of hay, a difference in the weights of the bales in the cars is not a ground for reversal where the trial court accepted the weights claimed by defendants and instructed the jury to return a verdict on that basis.

## John F. Devine, Administrator, Plaintiff in Error, v. Chicago & Western Indiana Railroad Company and Belt Railway Company of Chicago, Defendants in Error.

### Gen. No. 20,375.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 1, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Devine v. Chicago & W. I. R. Co. et al., 195 Ill. App. 234.

## Statement of the Case.

Trespass on the case by John F. Devine, administrator of the estate of Vladislaw Paszkowsky, deceased, plaintiff, against Chicago & Western Indiana Railroad Company and the Belt Railway Company of Chicago, defendants, alleging that defendants, by their servants, with force and arms, assaulted plaintiff's intestate, causing his death. The jury returned a verdict finding defendants not guilty, on which verdict the court entered judgment. To reverse this judgment, plaintiff prosecutes this writ of error.

The defendants entered a special plea *son assault demesne* and the plaintiff a replication *de injuria absque tali causa.*

The testimony tended to show that in the evening of February 14, 1905, Wirsing, a special policeman, employed about their tracks by defendants, and two other special policemen saw two men stealing coal from cars on defendants' tracks. The officers followed them and Wirsing overtook the two men, who were carrying the stolen coal in sacks. One of the men was plaintiff, who is described as the "big man." While there is some slight conflict in the testimony, Wirsing's story in the main is uncontradicted. He says that he showed his star to these two men and demanded the return of the coal but they dropped their sacks and "tackled" him. He says that he had offered no violence to them up to that time. Wirsing drew a revolver and fired in the air, as he says, to attract the attention of the other two officers. His story of the affair from that point, in substance, is as follows:

"With that the big man broke away from me and ran into what I afterwards found to be his yard. I fought the little man into his yard, where we were met by the big man. The big man had an ax and threw it at me, striking the fence. In the meantime the little man backed away from me and disappeared and my time was taken up with the larger man of the two. He ran

into the shed and got a shovel, and I went into the shed after him and tried to get the shovel away from him, at the same time telling him to 'drop that.' I fired another shot into the fence, thinking thereby to make him drop it. About a few minutes after that we kept on struggling and he attacked me with the shovel and he struck me in the right hand. I had the revolver in my hand pointed directly at him when he struck me on the hand. It exploded and the shot struck him on the knee. After that he rallied and drove me into the alley."

On cross-examination the witness said that plaintiff struck him several times with the shovel, and also "he struck the gun. When the gun went off I was not trying to fire the gun at all." Other witnesses gave testimony tending to corroborate Wirsing, and it seems to have been proven beyond serious doubt that the firing of the revolver was simultaneous with the blow on the hand in which it was held from the shovel wielded by plaintiff. From the facts in evidence we would have little trouble in concluding that the actual firing of the shot was not the intentional act of defendants' servant, but was accidental as regards them.

ARTHUR C. BACHRACH and BRUNDAGE, LANDON & HOLT, for plaintiff in error.

C. G. AUSTIN and BEVERLY W. HOWE, for defendants in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. ACTION ON THE CASE, § 1*—*when evidence sufficient to support verdict.* Evidence in action of trespass on the case to recover for death of plaintiff's decedent by assault by defendants' servants, examined and *held* to support verdict for defendants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. APPEAL AND ERROR, § 1526*—*when ruling of court harmless error.*
Ruling of court upon instructions examined and *held* harmless error.
BAKER, J., dissenting.

---

# Hattie Falberg, Defendant in Error, v. Continental Casualty Company, Plaintiff in Error

## Gen. No. 20,407.

1. INSURANCE, § 205*—*when misrepresentation in application as to name of applicant invalidates contract.* A false statement in an application for life insurance as to the applicant's name invalidates the contract of insurance.

2. INSURANCE, § 821*—*when misrepresentation in application as to relationship of beneficiary invalidates contract.* Where an applicant for insurance states in his application that the beneficiary is his "wife," whereas she is not his wife, but a woman with whom he is sustaining illicit relations, the misrepresentation invalidates the contract of insurance.

3. INSURANCE, § 365*—*when tender of return of premiums not essential.* In an action by the beneficiary of a policy of life insurance against the insurer, the latter is not required to return the premiums to the beneficiary or the wife of the insured as a condition to setting up misrepresentations in the application for insurance as a defense, the title to the premiums being in the personal representative of the insured.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1914. Reversed. Opinion filed November 1, 1915.

MARTIN P. CORNELIUS and GEORGE R. SANDERSON, for plaintiff in error; MANTON MAVERICK, of counsel.

ADAMS, CREWS, BOBB & WESCOTT, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is a suit on an accident insurance policy. On the trial the court instructed the jury to find the issues for the plaintiff and to assess the damages at $1,000. Judgment was entered on the verdict.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.